UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

TRACY SIMPKINS, on his own behalf and
others similarly situated,

6:08-cv-130-ORL-19DAB

    Plaintiff,

v.

PULTE HOME CORPORATION,
a Foreign Corporation,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

1. Plaintiff, TRACY SIMPKINS ("Plaintiff"), was an employee of Defendant, PULTE HOME CORPORATION ("PULTE" or "Defendant"), and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was a non-exempt salaried plus production bonus paid "Superintendent" and performed related activities for Defendant in, among others, Orange County, Florida. The other putative Plaintiffs that will join this lawsuit performed activities for Defendant throughout the State of Florida and **nationwide**.

2. Defendant, PULTE, is a foreign corporation that operates and conducts business in, among others, Orange County, Florida, and is therefore, within the jurisdiction of this Court.

3. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every non-exempt salaried plus production bonus paid

"Superintendent" who worked for the Defendant at any time within the past three (3) years **nationwide.**

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 *et seq.*

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

6. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, and those similarly situated to him, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated to him, for those hours worked in excess of forty (40) within a work week.  Specifically, Defendant engaged in a common pay practice/policy of misclassifying as exempt, all salaried plus production bonus paid "Superintendents"  who worked for Defendant when, in fact, the realities of the situation were that Plaintiff, and those similarly situated to him, had a primary duty of performing non-exempt "blue collar" duties and were non-exempt.

7. As a result of this misclassification, Plaintiff, and those similarly situated to him, was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

8. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and others similarly situated to him, are in the possession and custody of Defendant.

## **RECOVERY OF OVERTIME COMPENSATION**

9. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8 above.

10. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours but was not paid time and one half compensation for same.

11. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to him, have suffered damages plus incurring reasonable attorneys' fees and costs.

12. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, are entitled to liquidated damages.

13. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

DATED this 15th day of January 2008.

_____
Richard Celler, Esquire
FL Bar No.: 0173370
Trial Counsel for Plaintiff
MORGAN & MORGAN
7450 Griffin Road, Suite 230
Davie, FL 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: rceller@forthepeople.com