# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TRACY SIMPKINS, on his own behalf,**
**and others similarly situated,**

      **Plaintiff,**

**-vs-**                                                                                                 **Case No.  6:08-cv-130-Orl-19DAB**

**PULTE HOME CORPORATION,**
      **Defendant,**
_____

## ORDER

This cause came on for consideration with oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ORDER REQUIRING PLAINTIFF TO CEASE AND DESIST FROM DIRECT SOLICITATION OF PULTE EMPLOYEES (Doc. No. 91)** |
| **FILED:** | May 28, 2008 |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **VERIFIED MOTION FOR PROTECTIVE ORDER, STRIKING DECLARATIONS, AND ENJOINING DEFENDANT'S CLASS COMMUNICATIONS (Doc. No. 94)** |
| **FILED:** | May 29, 2008 |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

As set forth in the papers and at hearing, both sides come before this Court complaining that the other side has had inappropriate contact with potential opt-in plaintiffs. Defendant contends that Plaintiffs have improperly solicited potential opt-ins, in violation of the Rules of Professional Conduct. Plaintiffs contend that Defendant's communications with their employees regarding this suit have been abusive and coercive. Citing *Gulf Oil v. Bernard*, 452 U.S. 89 (1981) and *Kleiner v. First Nat'l Bank*, 751 F.2d 1193 (11th Cir. 1985), both sides seek to limit the other's access to the potential plaintiff pool.

At hearing, each counsel pointed the finger at the other side, crying "foul," while insisting that their *own* conduct was above reproach. While the parties sharply differ on the details of who said what to whom, it is clear that *both* sides have been contacting Pulte employees (current and former), ostensibly for "investigation" purposes, but in reality, in an effort to gain adherents to their particular position.

The Court is persuaded that neither side has proceeded with appropriate good faith in contacting potential plaintiffs, or in their dealings with each other. Nonetheless, on this record, the Court does not find clear evidence of either improper solicitation or coercion.

What is readily apparent, however, is that the parties are in dire need of someone or something to save them from themselves, and each other. Toward that end, it is **ORDERED** that both sides **CEASE AND DESIST any and all contact with current or former Pulte employees not yet contacted,** until such time as the District Judge rules on the pending motion for class certification and notification (Doc. No. 50).[1] In addition, all discovery in this matter is **STAYED,** pending a ruling

---

[1] Toward that end, the motion to file a reply at Doc. No. 104 is **GRANTED.** Plaintiffs may file a reply, no longer than five pages, by Thursday, July 3, 2008 at 4:00 p.m.

on the certification issues.[2] The motions are therefore **granted, to the extent they seek to prevent the other side from further contact with the potential opt-in plaintiff pool.** In all other respects, the motions are **DENIED**.

> **MOTION:** **MOTION TO APPOINT SPECIAL MASTER (Doc. No. 105)**
>
> **FILED:** June 12, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

At hearing, Plaintiff's counsel informed the Court that it has become "impossible" for counsel to have a civil conversation and that the litigation is so contentious that he believed he "can't practice law this way." The Court agrees. Rather than appointing a special master, however, the Court suggests that the parties *stop* practicing law this way. What the Court found missing from the presentation of *both* sides of this litigation is a recognition that this is not *counsels'* case; it is the *clients'* case. In case counsel are too involved to see the obvious, the Court reminds them that *neither* side is well-served by the constant bickering, allegations of improper conduct,[3] and general lack of professionalism that taints every filing in this case. Counsel are **admonished** that *if* they cannot find a way to litigate this case in accordance with the federal, local and ethical rules, and the generally applicable rules of decency and respect to others, they have no business practicing in this Court, or indeed, in this profession. It is troubling, even alarming, that experienced counsel should find

---

[2] The Court is aware of the upcoming expert disclosure dates and the need to extend same, in view of this Order. Following the District Judge's ruling on certification issues, the Court will hold a status conference to address scheduling issues. As for Plaintiff's concern that any stay may implicate future opt-in plaintiff's rights due to operation of the statute of limitations, the concern is misplaced. This is a collective action, not a class action, and the present stay does not impair any substantive rights. To the extent any person wishes to prosecute his or her claim immediately, he or she may file a new action.

[3] The Court has never before had to listen to lawyers debate whether one really threatened to kill the other.

themselves in this situation. Some cases may generate emotions or stresses that challenge the professional demeanor expected of attorneys. This does not appear to be a case that should pose any such difficulty for counsel in maintaining civility and professionalism so that the issues may be fairly developed and presented for decision. Counsel should be mindful that, in addition to the admonishments already delivered, sanctions may be imposed for any continuation of the difficulties that have marked this litigation. They must not allow any personal animosity interfere with their obligations as officers of the Court and their duties to their respective clients.

**DONE** and **ORDERED** in Orlando, Florida on July 1, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record